[984 NYS2d 513]

In the Matter of Robert J. Muller, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, April 4, 2014

APPEARANCES OF COUNSEL

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Robert P. Roche*, Albany, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Third Department on June 29, 1979. Since 2009, he has served as a Justice of the Supreme Court in the Fourth Judicial District. In June 2012, a petition was filed in the Third Department alleging that, in 2003, respondent misappropriated client funds in relation to the settlement of a medical malpractice action. By order entered June 25, 2012, the Third Department transferred the matter to this Court for disposition. Respondent subsequently filed an answer denying material allegations of the petition, and this Court appointed a Referee to conduct a hearing. The Referee has filed a report, which the Grievance Committee moves to confirm. Respondent cross-moves for an order confirming in part and disaffirming in part the report of the Referee, and dismissing the petition. Respondent appeared before this Court on the return date of the motion and cross motion, and he was heard in mitigation at that time.

The Referee found that, in February 2002, respondent commenced a medical malpractice action on behalf of a client that included derivative claims asserted on behalf of the client's spouse. The Referee found that, from March 2002 through April 2003, respondent corresponded on numerous occasions with the United States Department of Health and Human Services and certain of its agents (collectively, Medicare) concerning a lien asserted by Medicare against any recovery in the medical malpractice action. The Referee found that, beginning in January 2003, respondent made several requests that Medicare reduce or waive its lien. The Referee found that, in March 2003, the clients agreed to settle the medical malpractice action for $500,000, and respondent thereafter deposited the settlement proceeds into an attorney trust account maintained by respondent's law firm. The Referee further found that, at the time of the settlement, respondent and the clients understood that

Medicare was asserting a lien against the settlement proceeds in the amount of $97,701.64.

The Referee found that, in late March 2003, respondent's law office prepared a settlement statement indicating that respondent's law firm had, inter alia, taken a legal fee from the settlement proceeds in the amount of $137,430.36, pursuant to Judiciary Law § 474-a, and set aside funds in the amount of $97,701.64, which were maintained in the law firm's trust account and earmarked for the Medicare lien. The Referee further found that Medicare thereafter agreed to compromise the lien and, on April 29, 2003, respondent remitted to Medicare funds in the amount of $60,000 in full satisfaction of the lien. The Referee found that, on May 27, 2003, respondent caused his law firm to receive an additional legal fee in the amount of $30,000 from the settlement proceeds that previously had been earmarked for the Medicare lien, and respondent remitted to the clients the residual balance of the earmarked funds, or $7,701.64.

The Referee found that the clients did not question the disposition of the settlement proceeds that had been earmarked for the Medicare lien until 2010, when a subsequent dispute between the clients and Medicare prompted the clients to request from respondent proof that the lien had been satisfied.

We confirm the factual findings of the Referee and conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver to a client in a prompt manner as requested by the client the funds, securities or other properties in his possession that the client is entitled to receive.

Although the Grievance Committee alleges that respondent additionally engaged in conduct involving dishonesty and deceit in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), the Referee found that respondent's misappropriation of the $30,000 at issue was the result of respondent's misapprehension of the law governing the disposition of Medicare liens in personal injury actions, rather than the result of venal intent. The Referee further found that respondent did not conceal from

his clients the fact that Medicare compromised the lien by accepting $60,000 in full satisfaction thereof. We therefore conclude that the Grievance Committee has failed to establish that respondent engaged in dishonesty or deceit in violation of DR 1-102 (a) (4).

We further decline to sustain the alleged violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), involving conduct that is prejudicial to the administration of justice, inasmuch as the record establishes that respondent cooperated with the investigation of the disciplinary authorities in relation to this matter.

We have considered, in determining an appropriate sanction, respondent's unblemished disciplinary history after 30 years in the practice of law, as well as the aberrational and nonvenal nature of the misconduct. We have additionally considered that the misappropriation resulted from respondent's failure to research the applicable laws and regulations regarding the satisfaction of Medicare liens. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

In addition, we grant the request of the Grievance Committee for an order directing respondent to make restitution to the clients in the amount of $30,000. Contrary to respondent's contention, an award of restitution pursuant to Judiciary Law § 90 (6-a) does not require a finding of venal intent.

We grant the further request of the Grievance Committee for an award of prejudgment interest. Given the equitable nature of the remedy of restitution, this Court may award prejudgment interest at a rate and from a date in our discretion, pursuant to CPLR 5001 (a). We have considered the rates of interest that were applicable to various financial instruments during the relevant time period (*see generally* http://research.stlouisfed.org/ fred2/categories/22 [accessed Mar. 28, 2014]), and we conclude that an award of prejudgment interest at a rate of three percent, from May 27, 2003, is sufficient to compensate the clients for the loss of the use of their funds caused by respondent's misappropriation.

CENTRA, J.P., PERADOTTO, LINDLEY and WHALEN, JJ., concur.

Order of censure entered.